FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRISTIAN NAHUM VELASQUEZ
MURCIA; TANIA ESTELA PAZ
RIVERA; D.N.V.P.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1250

Agency Nos.
A220-602-636
A220-940-573
A220-940-574

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2025[**]
San Francisco, California

Before: S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Cristian Nahum Velasquez Murcia, his partner Tania Estela Paz Rivera, and

their minor daughter petition for review of an order by the Board of Immigration

Appeals ("BIA") dismissing their appeal from an Immigration Judge's ("IJ")

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

decision denying asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). The family, who entered the United States in 2021 without being admitted or paroled, are natives and citizens of Honduras. Velasquez Murcia and his partner filed separate applications for relief, each including their daughter as a derivative beneficiary of their asylum applications. Their daughter also filed withholding and CAT applications. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

We review factual findings for substantial evidence and legal issues de novo. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Applicants for asylum or withholding must demonstrate past harm or a well-founded fear of future harm with a nexus to a protected ground. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). The record evidence does not compel the conclusion that the family were targeted because of an actual or imputed political opinion or because of Velasquez Murcia's membership in the proposed particular social group of "Honduran government leaders who refuse to comply with extortion demands." Their claims arise from a series of threatening and extortionate encounters with gang members who targeted

Velasquez Murcia after he assumed a role handling money for a local community governance board. The agency found that gang members targeted the family to extract money, a conclusion that is supported by Velasquez Murcia's and Paz Rivera's explicit testimony. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019-20 (9th Cir. 2023). Although the nexus standards for asylum and withholding of removal are distinct, the agency is not required to analyze both where no nexus to a protected ground is present at all. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017); *see also Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam). Because the family's fear of future harm arises only from the gang encounters, the lack of nexus to a protected ground is fatal to Velasquez Murcia's asylum and withholding claims.

2. Paz Rivera and the couple's daughter also sought asylum and withholding because of harm with a nexus to their membership in Velasquez Murcia's family. The IJ held that the two did not establish that the harm they experienced rose to the level of persecution, and the BIA affirmed pursuant to *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994). Substantial evidence supports the conclusion that the minimal gang conduct experienced by mother and daughter did not rise to the level of persecution. Moreover, the petitioners' opening brief does not challenge the agency's finding that they could relocate within Honduras to avoid future harm, so that issue is forfeited. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

The issue is also unexhausted, as they did not raise it before the agency. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because they did not suffer past persecution and can relocate to avoid future persecution, Paz Rivera and her daughter are not entitled to asylum or withholding of removal. *See, e.g., Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021).

3. Applicants for CAT protection must demonstrate that it is "more likely than not" that they will be tortured "at the instigation of, or with the consent or acquiescence of," the government. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Substantial evidence supports the agency's conclusion that the petitioners have not established that they are more likely than not to face torture upon returning to Honduras. Velasquez Murcia left the role in which he handled community money. After being threatened, the family also relocated and lived safely within Honduras for a period of between 8 and 31 days, during which no gang members sought them out. There is likewise no evidence that the gang has looked for them since they departed for the United States.

**PETITION DENIED.**[1]

---

[1] The petitioners' motion to stay removal, Dkt. 2, is denied as moot. The temporary stay of removal shall remain in place until the mandate issues. *See* 9th Cir. Gen. Ord. 6.4(c).

24-1250